## The Imperial Rolling Screen Company *v.* Steinfeld Brothers, Appellant.

*Contract—Measure of damages—Evidence—Market value.*

1. In an action to recover damages by a vendor against a vendee for refusal to take more than a portion of a quantity of screens agreed upon as the subject of a written contract of sale, the correct measure of damages is the contract price, less the value of the undelivered screens in the plaintiff's hands at the time of the breach.

2. In such a case in determining the value of the screens not delivered, the law does not limit the evidence of such value to an actual

sale with notice, but other evidence may be considered even though vague and unsatisfactory, and a referee who is to pass upon the question must determine as best he can what the value is. If it appears that the vendee declined to accept the screens at a price at which the plaintiff offered them, the referee's finding of the value at that price confirmed by the court, will not be set aside by the appellate court.

Argued March 28, 1911. Appeal, No. 47, Jan. T., 1911, by defendants, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1907, No. 130, for plaintiff on findings of the referee in case of The Imperial Rolling Screen Company v. Samuel Steinfeld and Leo Steinfeld,. trading as Steinfeld Bros. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit by foreign attachment to recover damages for breach of contract. The case was referred by agreement of the parties to Frank P. Prichard, Esq., as referee.

From the record it appeared that the suit was brought upon a contract dated March 9, 1907, whereby plaintiff agreed to sell and defendants to buy at least 20,000 Imperial roller screens at eighty cents each, to be taken, 5,000 by May 1, 1907; 5,000 by May 15, 1907; and at least 10,000 by June 15, 1907. Under this agreement defendants took and paid for 3,384 screens. Plaintiff claiming to have manufactured and offered delivery of the balance of 16,342 screens, brought suit on the ground that the acceptance was refused.

The referee found that plaintiff was willing and ready to supply the minimum quantity of screens and that defendants refused to take and pay for the minimum; that the screens were substantially as contracted for; that there was no agreement to pay demonstrators; that the balance of screens not taken, were reasonably worth in the market twenty cents apiece; that the screens were not practically or commercially a success, but that defendants were not at fault in the failure to market them.

The referee awarded to plaintiff the sum of $10,834.74. Exceptions to his report were dismissed by the court.

Defendants appealed.

*Errors assigned* were in dismissing exceptions to the report of the referee.

*Francis Chapman,* of *Chapman & Chapman,* with him *S. Spencer Chapman,* for appellants.—The duty was on the plaintiff to establish the measure of damages: Unexcelled Fire Works Co. v. Polites, 130 Pa. 536; Jones v. Jennings Bros. & Co., 168 Pa. 493; Kinports v. Breon, 193 Pa. 309; Sharpsville Furnace Co. v. Snyder, 223 Pa. 372.

*Sheldon Potter,* of *Potter, Dechert & Norris,* for appellee.—The referee's finding as to the damages was proper: Girard v. Taggart, 5 S. & R. 19; Andrews v. Hoover, 8 Watts, 239; Morris v. Supplee, 208 Pa. 253; M'Combs v. M'Kennan, 2 W. & S. 216; Puritan Coke Co. v. Clark, 204 Pa. 556.

OPINION BY MR. JUSTICE POTTER, July 6, 1911:

The law of this case is not doubtful, and appellants have substantially no complaint to make of its application by the referee to the facts as found by him. The measure of damages which he applied was "the contract price, less the value of the undelivered screens in the plaintiff's hands at the time of the breach." He also rightfully assumed that the burden was on plaintiff "to show that value, and thus establish the measure of damages." The rule thus enunciated and applied is undoubtedly correct, and is sustained by an abundance of authority. See Guillon v. Earnshaw, 169 Pa. 463; Puritan Coke Co. v. Clark, 204 Pa. 556.

The referee found specifically that the plaintiff and defendants entered into a written contract under which plaintiff was ready and willing to furnish to defendants the minimum quantity of 20,000 screens. That defendants refused to take more than a portion of the amount agreed upon. That the screens manufactured were in substantial compliance with the agreement and were accepted as such by defendants. That at the time of the

breach, the remainder of the minimum quantity of the screens which defendants refused to accept and pay for, were reasonably worth in the market, twenty cents apiece. These findings of fact cover the case, and the findings of the referee have the weight of the verdict of a jury: Ridge Ave. Pass. Ry. Co. v. Philadelphia, 181 Pa. 592; Snyder v. Rainey, 198 Pa. 356. The result is hard upon appellants, and it is evident that they got the worst of a bad bargain. Apparently they entered into the contract without sufficient investigation, and failed to guard themselves by proper specifications and guarantees. But the result is of their own doing, and the legal consequences of their action must be accepted. The question of damages was a difficult one for the referee. As he says, the proofs were "vague and unsatisfactory." He adds further, "While the burden is on the plaintiff to show either that the screens which defendants refused to receive had no selling value at that time, or if they had such value, to show what that value was, the law does not limit the evidence of such value to an actual sale with notice, and if there is any evidence of value which can be considered by a jury, it is the duty of a jury (and in this case the referee) to determine as best they can what was such value. In the present case the referee is unable to say that there is no evidence from which a jury would be allowed to ascertain the value." Counsel for appellants contend that a resale of the goods is the usual and better method of establishing value. But it is plain that owing to the peculiar character of these articles, a public sale would only have resulted in great sacrifice. Counsel admit that under the authorities, the damages may be ascertained from other evidence than a resale, if it presents a better means of getting at the truth. It appeared that defendants declined to accept the screens at twenty cents each, and in fixing that amount as their value, the referee took the price at which plaintiff offered to sell, and gave the defendants the advantage of a price beyond that which they were willing to give. Under all the evidence,

we think the referee did the best that could be done in getting at the value of the screens. At least, no method is pointed out by appellants which seems likely to have produced results any more favorable to them. The question of value was one of fact, and the referee has disposed of it as such.

The assignments of error are overruled, and the judgment is affirmed.